Christianna A. Cathcart, Esq.
Bar No. ND10095
THE BELMONT FIRM
1050 Connecticut Avenue NW
Suite 50
Washington, DC 20036
Phone: (202) 991-1101
E-mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>GINA A. HOUGH,<br><br>Debtor. | No. 25-00009<br><br>Chapter 13 |

**OPPOSITION TO MOTION SEEKING RELIEF FROM AUTOMATIC
STAY AND TO RECLAIM PROPERTY 2021 MERCEDES-BENZ GLB250W4**

COMES NOW, Gina A. Hough ("Ms. Hough" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 4001-1(d), and in opposition to the Motion Seeking Relief From Automatic Stay and to Reclaim Property (the "Motion" as found at DE # 28) filed by Mercedes-Benz Vehicle Truste successor in interest to Daimler Trust, ("Mercedes-Benz" or the "Movant"), and states as follows:

**I.    Introduction**

This Chapter 13 case involves Ms. Gina Hough (the "Debtor"), a licensed attorney, who leases a 2021 Mercedes-Benz GLB250W4 (the "Vehicle") to meet her ongoing professional and personal responsibilities. Following the commencement of this case, the Debtor made a good-faith effort to tender her monthly lease payments beginning in January 2025. However, Mercedes-

Benz declined to accept the payment post-petition and instead proceeded directly to file the present Motion seeking relief from the automatic stay.

The Debtor remains both willing and financially able to cure any post-petition arrears and to continue making timely lease payments going forward. The Vehicle is necessary to the Debtor's daily responsibilities and, more importantly, essential to her ability to perform under her Chapter 13 plan. Nonetheless, Movant presses for repossession based on a default it directly contributed to.

As set forth below, the Debtor's conduct does not constitute "cause" under 11 U.S.C. §362(d)(1), and Movant cannot meet the conjunctive requirements of §362(d)(2). The Motion should be denied in its entirety.

## II.    Standard

As this Court is well-versed, Title 11 of the United States Code (the "Bankruptcy Code") provides specific and limited grounds under which a party may seek relief from the automatic stay (the "Automatic Stay"). While Movant invokes 11 U.S.C. § 362(d) as the basis of its Motion, it fails to specify which subsection it relies on. However, based on references to "lack of adequate protection" and the alleges non-necessity of the Vehicle for reorganization, it appears Movant proceeds under both § 362(d)(1) and § 362(d)(2).

Section 362(d)(1) authorizes stay relief "for cause," including a lack of adequate protection of a party's interest in property. 11 U.S.C. § 362(d)(1). Courts have long held that whether a creditor is adequately protected is a case-specific inquiry that falls squarely within the discretion of the bankruptcy court. *See In re Franklin Equip. Co.*, 416 B.R. 483, 522-23 (Bankr. E.D. Va. 2009) (citing *In re Swedeland Dev. Group. Inc.*, 16 F.3d 553, 564 (3rd Cir. 1994); *In re O'Connor*, 808 F.2d 1393. 1397 (10th Cir. 1987)).

Alternatively, relief under § 362(d)(2) requires a showing that, conjunctively, there is both an absence of need for the at-issue property to support an effective reorganization and "the debtor does not have any equity in such property." 11 U.S.C. § 362(d)(2).

### III.    Argument: Mercedes-Benz is Adequately Protected

Relief from the Automatic Stay under 11 U.S.C. § 362(d) is an extraordinary remedy. The burden rests with the Movant to demonstrate that "cause" exists to justify lifting the stay. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990); 11 U.S.C. § 362(d)(1). A frequently litigated basis for "cause" - and one expressly identified in the statute – is a lack of adequate protection. 11 U.S.C. § 362(d)(1).

However, the Bankruptcy Code does not mandate that the stay be lifted simply because a post-petition payment is missed. Instead, it expressly permits continuation of the automatic stay so long as the creditor's interest is adequately protected. 11 U.S.C. § 362(d). Section 361 sets forth acceptable forms of adequate protection, including reasonable periodic cash payments or other safeguards designed to preserve the value of the creditor's interest. 11 U.S.C. § 361. Specifically, § 361(1) provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use of sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in value of such entity's interest in such property..

11 U.S.C. § 361

As courts have consistently recognized, the form and sufficiency of adequate protection is a fact-specific inquiry, left to the sound discretion of the bankruptcy court. See *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009). As further explained by the

District of New Jersey, "…the legislature expressly intended to give the courts great flexibility in formulating methods of protection appropriate to the circumstances of each case." *In re Cardell, Inc.*, 2009 WL 1973551, at *3 (D. N.J. 2009) (quoting *In re Crockett*, 3 B.R. 365, 368 (Bankr. N.D. Ill. 1980)).

Here, Movant contends that it is inadequately protected because the Debtor did not remit her post-petition lease payments beginning in January 2025. The Debtor acknowledges a temporary lapse following the petition date. However, the lapse was neither willful nor the result of financial inability. In January 2025, the Debtor made a good faith attempt to remit her monthly payment to Mercedes-Benz but was informed that it could not be accepted due to the bankruptcy filing. Despite its refusal, the Debtor remains both willing and financially able to cure any outstanding arrears and to continue making regular lease payments going forward. The Debtor does not seek to avoid her obligations, only to fulfill them under the protections afforded by Chapter 13.

Critically, the alleged lack of adequate protection arises not from any actual diminution in the value of Movant's interest, but from Movant's own refusal to accept performance. Movant has therefore, contributed to, if not created the default it now invokes as "cause" for stay relief. As the court in *In re Greives* recognized, "there appears to be no equitable basis in awarding a secured creditor adequate protection … when the burden is on the creditor to affirmatively assert its rights. *In re Greives,* 81 B.R. 912, 964 (Bankr. N.D. Ind. 1987). A creditor cannot decline a voluntary and timely offer of performance and then invoke that very non-performance as grounds to lift the stay. To allow otherwise would be to reward creditor inaction or calculated refusal with extraordinary relief inconsistent with the rehabilitative purpose of Chapter 13.

This is not a situation where the value of Movant's interest is at risk of decline. Rather, as the Supreme Court recognized," [t]he whole point of adequate protection is to safeguard

the secured creditor's interest while giving the debtor a chance to reorganize." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370 (1988). Here, that balance is preserved: the Debtor stands ready and able to bring the lease current and continue timely performance under the agreement. As such, Movant has failed to establish "cause" under § 362(d)(1), and its Motion should be denied.

**IV.    Argument: The Car is Needed to Reorganize.**

To the extent Mercedes Benz relies on Section 362(d)(2) of the Bankruptcy Code as a basis for relief, its argument fails for the simple reason that the Vehicle is essential to the Debtor's successful performance under her Chapter 13 plan. Relief under § 362(d)(2) requires a showing that, conjunctively, there is both an absence of need for the at-issue property to support an effective reorganization and "the debtor does not have any equity in such property." 11 U.S.C. § 362(d)(2). Even assuming arguendo that the Debtor lacks equity in the leased vehicle, Movant cannot meet the second prong.

Although § 362(d)(2) uses the term "reorganization," courts have long held that in Chapter 13 cases, the relevant inquiry is whether the asset is necessary to the debtor's rehabilitation. *See In re Jones*, 119 B.R. 996, 1005 (Bankr. N.D. Ind. 1990) (holding that "[a]n automobile is a necessity" and may be essential to a debtor's ability to maintain employment and perform under a Chapter 13 plan); *see also In re Coates*, 180 B.R. 110, 120 (Bankr. D.S.D. 1995) (holding that a vehicle used for family and personal purposes may still be necessary for effective rehabilitation under Chapter 13).

Here, the Vehicle is indispensable to Ms. Hough's ability to comply with her Chapter 13 obligations under the plan. As a licensed attorney, she depends on the Vehicle to attend court appearances, meet with clients, and manage both professional and personal responsibilities. Without

reliable transportation, she would face significant hardship maintaining her employment and fulfilling the commitments needed to support her plan. The standard for necessity under § 362(d)(2) is not limited to business assets, it encompasses any property critical to the debtor's ability to maintain the income and stability required to complete plan payments.

Given the Vehicles role in supported Ms. Hough's professional function and personal mobility, it is plainly "necessary to an effective reorganization" within the meaning of § 362(d)(2).

## V. Conclusion

**WHEREFORE,** the Debtor respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 9, 2025

By: /s/ Christianna A. Cathcart
Christianna A. Cathcart, Esq.
Bar No. ND10095
The Belmont Firm
1050 Connecticut Avenue, NW
Suite 500
Washington, DC 20036
Phone: (202) 655-2066
christianna@dcbankruptcy.com
*Counsel for the Debtor.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of April, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig