Christianna A. Cathcart, Esq.
Bar No. ND10095
THE BELMONT FIRM
1050 Connecticut Avenue NW
Suite 50
Washington, DC 20036
Phone: (202) 991-1101
E-mail: christianna@dcbankruptcy.com
*Counsel for the Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>GINA A. HOUGH,<br><br>Debtor. | No. 25-00009<br><br>Chapter 13 |

### OPPOSITION TO MOTION SEEKING RELIEF FROM AUTOMATIC STAY

COMES NOW, Gina A. Hough ("Ms. Hough" or the "Debtor"), by and through undersigned counsel, pursuant to Local Rule 4001-1(d), and in opposition to the Motion Seeking Relief From Automatic Stay (the "Motion" as found at DE # 34) filed by U.S. Bank Trust National Association owner trustee for RCF 2 Acquisition Trust, its successors and or/ assigns, movant, by its attorneys, Mark D. Meyers, Esq., and Rosenberg & Associates, LLC (collectively as the "Movants"), and states as follows:

I.   **Introduction**

This Chapter 13 case involves Ms. Gina Hough (the "Debtor"), the owner and occupant of the real property located at 2939 Macomb Street NW, Washington, D.C., (the "Property"). The property is encumbered by a deed of trust securing a claim in the approximate amount of $1,326,722.51.

As set forth below, the Motion does not establish "cause" under 11 U.S.C. §362(d)(1) and, as such, merits denial. The creditor is oversecured by a healthy margin and the Property thus furnishes a more-than-sufficient equity cushion to protect the creditor's claim.

### II. Standard

As this Court is well-versed, Title 11 of the United States Code (the "Bankruptcy Code") provides specific and limited grounds under which a party may seek relief from the automatic stay (the "Automatic Stay"). While Movant invokes 11 U.S.C. § 362(d) as the basis of its Motion, it fails to specify which subsection it relies on. However, based on references to "lack of adequate protection" and the alleges non-necessity of the property for reorganization, it appears Movant proceeds under § 362(d)(1).

Section 362(d)(1) authorizes stay relief "for cause," including a lack of adequate protection of a party's interest in property. 11 U.S.C. § 362(d)(1). Courts have long held that whether a creditor is adequately protected is a case-specific inquiry that falls squarely within the discretion of the bankruptcy court. *See In re Franklin Equip. Co.*, 416 B.R. 483, 522-23 (Bankr. E.D. Va. 2009) (citing *In re Swedeland Dev. Group. Inc.*, 16 F.3d 553, 564 (3rd Cir. 1994); *In re O'Connor*, 808 F.2d 1393. 1397 (10th Cir. 1987)).

### III. Argument: The Creditor is Adequately Protected

Relief from the Automatic Stay under 11 U.S.C. § 362(d) is an extraordinary remedy. The burden rests with the Movant to demonstrate that "cause" exists to justify lifting the stay. *See In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990); 11 U.S.C. § 362(d)(1). A frequently litigated basis for "cause" - and one expressly identified in the statute – is a lack of adequate protection. 11 U.S.C. § 362(d)(1).

However, the Bankruptcy Code does not mandate that the stay be lifted simply because a post-petition payment is missed. Instead, it expressly permits continuation of the automatic stay so long as the creditor's interest is adequately protected. 11 U.S.C. § 362(d). Section 361 sets forth acceptable forms of adequate protection, including reasonable periodic cash payments or other safeguards designed to preserve the value of the creditor's interest. 11 U.S.C. § 361. Specifically, § 361(1) provides:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use of sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in value of such entity's interest in such property..

11 U.S.C. § 361

Although not expressly defined by statute, courts consistently recognize the presence of an equity cushion as a pragmatic form of adequate protection. *See* 3 Collier on Bankruptcy P 362.07 (16th 2015). An equity cushion exists if the value of the collateral exceeds by a comfortable margin the amount of the creditor's claim. *Id.* Case law has almost uniformly held an equity cushion of at least 20% constitutes adequate protection. *In re Timbers of Inwood Forest*, 793 F.3d 1380, 1387 (5th Cir. 1986), aff'd, 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988). An equity cushion may provide adequate protection even though not a single mortgage payment has been made. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). *In re Avila*, 311 B.R. 81, 85 (Bankr. N.D. Cal. 2004) ("Where a creditor is adequately protected by a large equity cushion, the debtor would suffer a substantial loss in the event of foreclosure, and no economic harm to the creditor would result, relief from the automatic stay should not automatically follow a default in payment.").

As courts have consistently recognized, the form and sufficiency of adequate protection is a fact-specific inquiry, left to the sound discretion of the bankruptcy court. See *In re Franklin Equip.*

*Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009). As further explained by the District of New Jersey, "…the legislature expressly intended to give the courts great flexibility in formulating methods of protection appropriate to the circumstances of each case." *In re Cardell, Inc.*, 2009 WL 1973551, at *3 (D. N.J. 2009) (quoting *In re Crockett*, 3 B.R. 365, 368 (Bankr. N.D. Ill. 1980)).

Here, Movant contends that it is inadequately protected because the Debtor has not made any post-petition payments for the months of February 2025 through April 2025, and thus asserts that its equity position is dissipating. This argument is unavailing. The existence of a temporary default, even post-petition, does not compel a finding of inadequate protection where the creditor's secured interest is amply protected by a substantial equity cushion and where no evidence suggests a meaningful decline in collateral value.

The Property is assessed at $1,655,810.00 for tax year 2025 and 1,708,470.00 for tax year 2026, according to publicly available data from the D.C. Office of Tax and Revenue. Movant asserts a secured claim in the approximate amount of $1,326,772.51. Even assuming the lower of the two assessed values, the resulting equity cushion is approximately $329,000.00, or nearly 20%. Courts have routinely held that an equity cushion of this magnitude constitutes adequate protection.

### IV.     Conclusion

**WHEREFORE,** the Debtor respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

                                                    Respectfully submitted,

Dated: May 21, 2025                         /s/ Christianna A. Cathcart
                                                    Christianna A. Cathcart, Esq.
                                                    Bar No. ND10095
                                                    The Belmont Firm
                                                    1050 Connecticut Avenue, NW
                                                    Suite 500
                                                    Washington, DC 20036
                                                    Phone: (202) 655-2066
                                                    christianna@dcbankruptcy.com
                                                    *Counsel for the Debtor.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 21st day of May, 2025, a copy of the foregoing was served electronically upon filing via the ECF system.

                                                    /s/ Christianna A. Cathcart
                                                    Christianna A. Cathcart